# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| THADDEUS CORDELRO FORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 5:12-cv-03916-WMA-SGC |
| ) | |
| CHIEF MORRISON and the ) | |
| ATTORNEY GENERAL of the STATE ) | |
| of ALABAMA, ) | |
| ) | |
| Respondents. | |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Thaddeus Cordelro Ford, a state prisoner proceeding *pro se*. (Doc. 1). The magistrate judge entered a report and recommendation on January 26, 2016, recommending Ford's § 2254 petition be denied as barred by the statute of limitations provided by 28 U.S.C. § 2244(d)(1)(A) and procedurally defaulted. (Doc. 6). Furthermore, in accordance with Rule 11 of the *Rules Governing Section 2254 Cases*, the magistrate judge recommended a certificate of appealability be denied. (*Id.*). Ford has filed objections to the magistrate judge's report and recommendation. (Doc. 9). For the reasons discussed below, those objections are due to be overruled.

As set out in the magistrate judge's report and recommendation:

> On November 14, 2007, Ford pleaded guilty to second degree assault and first degree robbery. On that same day, the Circuit Court of Madison County, Alabama sentenced Ford to a 10-year split sentence as to the assault conviction, with three years to be served in the custody of the Alabama Department of Corrections, followed by a period of probation. Simultaneously, the state circuit court sentenced Ford to a concurrent 20-year split sentence as to the robbery conviction, with 3 years to be served in the custody of the Alabama Department of Corrections, followed by a period of probation. Ford did not appeal either conviction directly. He did not challenge either conviction in post-conviction proceedings, either.
>
> Although it appears Ford completed the original custodial portions of his sentences, the Madison County Circuit Court revoked the probationary portions of those sentences on August 7, 2013. Ford filed the instant § 2254 petition in this court on October 18, 2012. He alleges his guilty plea was unlawfully induced or involuntary because he believed he was accepting a 10-year split sentence, exclusively, and only learned he received a 20-year split sentence, as well, when he was released from incarceration after serving the original custodial portions of his sentences. He also alleges his attorney rendered ineffective assistance by failing to inform him he was accepting both a 10-year split sentence and a 20-year split sentence.

(Doc. 6 at 1-2) (internal citations and footnote omitted).

The magistrate judge commenced the limitations period from § 2244(d)(1)(A), the date on which Ford's conviction became final by the conclusion of direct review or the expiration of time to seek that review, rather than any of the other three possibilities provided by § 2244(d), including § 2244(d)(1)(D), which provides for commencement of the limitations period from the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due

diligence. (*Id.* at 3-4). The magistrate judge specifically noted § 2244(d)(1)(D) did not trigger the limitations period because while Ford alleges he did not learn of his 20-year split sentence until his release from incarceration after serving the original custodial portions of his sentences, he alleges no facts that would indicate this information could not have been known to him through the exercise of reasonable diligence. (*Id.* at 3).

In his objections, Ford argues he had no reason to question or inquire as to his sentences before the revocation of his probation because his attorney told him that he was to serve only a 10-year split sentence and documentation he received while incarcerated reflected the same. (Doc. 9). These bare allegations, unsupported by any documentation or detail that might lend them credence, fail to demonstrate the diligence necessary to warrant commencement of the limitations period from § 2244(d)(1)(D) rather than § 2244(d)(1)(A), justify equitable tolling of the limitations period, or show cause sufficient to excuse procedural default. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (petitioner bears burden of showing he has been pursuing his rights diligently and some extraordinary circumstance prevented his timely filing); *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (petitioner must show cause and prejudice to overcome procedural default of claim). This is particularly true given the guilty pleas signed by Ford unequivocally state the district attorney would

3

recommend a 20-year split sentence in connection with the robbery charge, to be served concurrently with a recommended 10-year split sentence in connection with the assault charge. *See State v. Ford*, 47-CC-001578.00 at Doc. 8 at 5-6; *State v. Ford*, 47-CC-2006-005867.00 at Doc. 10 at 4-5. For these reasons, Ford's objections to the magistrate judge's report and recommendation are **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** that report and **ACCEPTS** the magistrate judge's recommendations. Accordingly, Ford's § 2254 petition is due to be denied as time-barred and procedurally defaulted. Furthermore, for the reasons set forth in the report and recommendation and pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability is **DENIED**.

A final judgment will be entered.

DONE this 15th day of March, 2016.

                         _____
                         WILLIAM M. ACKER, JR.
                         UNITED STATES DISTRICT JUDGE